**FILED**

**AUG 1 0 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 06-238 (ESH) |
| v. | : | |
| MARIO JAVIER OSORIO TORO | : | |

### PLEA AGREEMENT

The United States of America, through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drug Section ("NDDS"), Criminal Division, United States Department of Justice ("DOJ"), and Michael C. Mota and John M. Gillies, Trial Attorneys, NDDS, (collectively, "the United States" or "the Government") and the Defendant, Mario Javier Osorio Toro ("Mario Osorio" or "Defendant"), and Defendant's counsel, Carlos Vanegas, Esquire, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and governed in part by Rule 11(c)(1)©, have entered into an agreement, the terms and conditions of which are as follows:

#### Original Charge in This Case

1.   Defendant acknowledges that he has been charged in an Indictment in this case with conspiracy to manufacture and distribute *one kilogram or more of heroin* intending and knowing that it would be imported into the United States, in violation of Title 21, United States Code, Sections 959, **960(b)(1)(A)** and 963 and Title 18, United States Code, Section 2.

2.   Defendant has read the charge against him contained in the Indictment and that charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

### New Charge to Which Defendant is Pleading Guilty

3. By this Plea Agreement, Defendant agrees to enter a voluntary plea of guilty to a separate Information charging conspiracy to distribute heroin intending and knowing that it would be imported into the United States, in violation of Title 21, United States Code, Sections 959, 960(b)(3), and 963 and Title 18, United States Code, Section 2. Defendant has read the charge against him contained in the Information, and that charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged in the Information. **After sentence has been imposed on the Information to which Defendant pleads guilty as agreed herein, the Government will move to dismiss the remaining count against Defendant in the original Indictment.**

### Penalties

4. The parties understand and agree that the offense contained in the Information, to which Defendant will enter a plea of guilty, carries the following maximum terms of imprisonment and fines: twenty (20) years imprisonment, followed by a term of supervised release not to exceed three (3) years; and a fine not to exceed one million dollars ($1,000,000.00).

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States and Defendant regarding Defendant's criminal liability in the case of United States v. Alexander Sanchez Lopez a/k/a "Jhon Alexcander" et al., Crim. No. 05-134, in the United States District Court for the District of Columbia.

2

6. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

A. If Defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, Defendant, the Government, and the judge all must agree that the trial be conducted by the judge without a jury.

B. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause when actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent; that the Government bears the burden of proving Defendant guilty of the charge(s) beyond a reasonable doubt; that it could not convict Defendant on the charge in the Indictment unless; after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt; and that it must consider each count of the Indictment against Defendant separately.

C. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of Defendant's guilt beyond a reasonable doubt.

D. At a trial, whether by a jury or a judge, the Government would be required to present its witnesses and other evidence against Defendant. Defendant would be able to

confront those government witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

  E. At a trial, Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Defendant desired to do so, he could testify on his own behalf.

  F. Defendant expressly waives any applicable statute of limitation that might apply to the charge contained in, and the filing of, the Information and hereby agrees not to raise any applicable statute of limitation as a bar or defense to the charge against him contained in the Information.

  7. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial.

  8. The parties have no reason to believe that the Defendant suffers from any mental health or physical problems that would affect his competency to plead guilty.

  9. The obligations of this Plea Agreement are limited to the NDDS, and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

**Factual Basis**

10.  Defendant will plead guilty because he is in fact guilty of the charge contained in the Information. In pleading guilty, Defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

   A.  Defendant Mario Osorio participated in a conspiracy to import heroin into the United States by speaking on the telephone on numerous occasions for the purpose of monitoring and assisting in the execution of the plans and actions of his coconspirators and the heroin couriers whom they utilized.

   B.  On April 16, 2001, a heroin courier named Jose Diego Garcia was arrested in New York City in possession of eight hundred seventy-five (875) grams of heroin.

   C.  On April 19, 2001, the Colombian National Police ("CNP") intercepted a telephone call between Mario Osorio and codefendant Carlos Arturo Vasquez Hurtado ("Carlos Vasquez") in which they discuss trying to find out what happened to a courier named "Diego," because they had sent a shipment with Diego and he had not yet called them with a status report.

   D.  Later on the same day, in another intercepted telephone call, Mario Osorio called Carlos Vasquez to further discuss what might have happened to Diego, further identified in this conversation as "Diego Garcia." Carlos Vasquez said in the second telephone call that he was worried that Diego had been arrested because he called Diego's telephone and heard an "open line" on which he heard a "gringo" speaking in English in the background.

5

E.    Also on April 19, 2001, the CNP intercepted a telephone call from Mario Osorio to Jose Diego Garcia's brother, Daniel, in which Daniel told Mario Osorio that their other brother told him that Diego was arrested in Brooklyn, New York, under the name of "Jose Garcia." Carlos Vasquez then took the telephone from Mario Osorio and spoke with Daniel. Carlos Vasquez asked Daniel if "they" had confiscated "that," to which Daniel replied that he would have to call somebody else to find out. Law enforcement experts have interpreted this conversation to mean that Carlos Vasquez was inquiring of Daniel as to whether the police in New York confiscated the heroin that Diego was transporting.

This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for Defendant's plea of guilty. The statement of facts does not contain each and every fact known to Defendant and to the United States concerning the involvement of Defendant and others in the offense conduct and other matters.

### Agreements Relating to Sentencing

11.    The United States and Defendant agree on the following points:

A.    This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(c). That is, the parties have agreed that the sentence imposed by the Court shall consist solely of a term of imprisonment of fifteen (15) months in the custody of the Bureau of Prisons, with credit for time served, and imposition of no additional terms or conditions, including imposition of neither a term of supervised release nor a fine. If the Court accepts and imposes the agreed term of incarceration set forth herein, Defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court

NJO

refuses to impose the agreed term of incarceration set forth herein, thereby rejecting the Plea Agreement, or otherwise refuses to accept Defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

        B.    If so required by the Court, Defendant agrees to pay the special assessment at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

### Waiver of Appellate Rights

12.    Defendant further understands he is waiving all appellate rights that might have been available if he exercised his right to go to trial. It is further agreed that (i) Defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 or Section 2241, any sentence agreed upon within this Plea Agreement and (ii) the Government will not appeal any sentence agreed upon within this Plea Agreement

### Conclusion

13.    Defendant understands that the Information and this Plea Agreement will be filed with the Court, will become matters of public record, and may be disclosed to any person.

14.    Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the Government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute Defendant not subject to any of the limits set forth in this Plea Agreement, or may move to resentence Defendant or require

Defendant's specific performance of this Plea Agreement. Defendant understands and agrees that in the event that the Court permits Defendant to withdraw from this Plea Agreement, or Defendant breaches any of its terms and the Government elects to void the Plea Agreement and prosecute Defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against Defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of such prosecutions.

15. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement, to cause Defendant to plead guilty.

16. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

17. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

18. **Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 7/31/06

_____
Mario Javier Osorio Toro
Defendant

19. **Defense Counsel Signature:** I am counsel for Defendant in this case. I have fully explained to Defendant his rights with respect to the pending Information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to Defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 7/31/06

_____
Carlos Vanegas, Esquire

Respectfully submitted,

Kenneth A. Blanco, Chief
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

By: _____
Michael C. Mota
Trial Attorney

By: _____
John M. Gillies
Assistant Deputy Chief for Litigation